IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KERRI MILLS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-09-1097-D |
| | ) | |
| TIMOTHY BILLINGS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is Defendants' Joint Motion to Dismiss the Claims of Plaintiff Felicia Campbell With Prejudice Pursuant to Fed. R. Civ. P. 41(b) [Doc. No. 72]. Plaintiff Felicia Campbell has timely opposed the Motion, appearing through counsel who have had no recent contact with her. Defendants have replied, solely to argue that dismissal is an appropriate consequence of Ms. Campbell's failure to meet her responsibility to maintain contact with her attorneys.

The facts recited in the Joint Motion are undisputed. Ms. Campbell has neither answered written discovery served in June and July, 2010, nor appeared for her deposition, which was scheduled on two separate occasions in October, 2010. She also failed to appear for the judicial settlement conference, in direct violation of Judge Purcell's orders requiring her attendance. The reasons for Ms. Campbell's failure to participate in the litigation are explained by her counsel's response to the Joint Motion. That is, Ms. Campbell has not maintained contact with her attorneys since agreeing to the representation in this case. The attorneys state they have tried repeatedly, without success, to locate and communicate with Ms. Campbell in order to prosecute her claims. Her whereabouts are currently unknown, and her absence interferes with the disposition of this case,

in which all other claims have been resolved by a mutual agreement of the parties who attended the settlement conference.

A district court's authority to dismiss an action for lack of prosecution is well established. It "'has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). A dismissal for failure to prosecute "should be imposed only after careful exercise of judicial discretion," but it presents "an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules." *Id.*; *see also Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007). Here, Ms. Campbell's inaction, disregard of her obligations as a litigant, and failure to comply with court orders have prevented this case from moving forward and clearly warrant a dismissal of her claims. The only real question is whether the Court should order a dismissal with prejudice to refiling, as requested by Defendants.

"The sanction of dismissal with prejudice for failure to prosecute is a 'severe sanction,' a measure of last resort." *Ecclesiastes*, 497 F.3d at 1143. Accordingly, the court of appeals requires district courts to consider carefully whether to impose this sanction:

> [The court has] identified a non-exhaustive list of factors that a district court ordinarily should consider in determining whether to dismiss an action with prejudice under Rule 41(b): (1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. Under this flexible framework, established in our *Ehrenhaus* decision, dismissal is warranted when "the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits."

*Id*. at 1143-44 (citations omitted; quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir.1992); *see also Nasious v. Two Unknown BICE Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007 (stating district court *must* consider these criteria before dismissing with prejudice); *accord Cohen v. Longshore*, 621 F.3d 1311, 1314 (10th Cir. 2010).

In this case, Defendants fail to acknowledge or address these criteria, but their supporting argument discusses facts pertinent to the analysis. *See* Defs.' Joint Motion [Doc. 72] at 3-4. The prejudice identified by Defendants is that they have been unable to conduct any discovery regarding Ms. Campbell's claims and were forced to file a motion for summary judgment without such discovery. By her absence, Ms. Campbell has prevented Defendants from obtaining a resolution of her claims in concert with the related claims of other plaintiffs. The court of appeals has recognized that a defendant has "a legitimate interest in bringing the matter to closure within a reasonable time." *See Rogers v. Andrus Transp. Serv.*, 502 F.3d 1147, 1152 (10th Cir. 2007).

Defendants' inability to defend Ms. Campbell's claims in this case, and the inability of Plaintiffs' attorneys and the assigned judge to address her claims in a settlement conference requested by the parties, also have interfered with the judicial process. Clearly, Ms. Campbell's absence has impeded the orderly disposition of this case.

However, what is more difficult to determine is whether Ms. Campbell has willfully disregarded her discovery obligations, court orders, and her responsibility to cooperate with her attorneys in prosecuting her claims. Ms. Campbell may have been unaware of discovery requests, deposition notices, and court orders due to the lack of communication with her attorneys. In the objection to the instant motion, Ms. Campbell's counsel state that they have had no contact with her "since the signing of her contract [for legal services] in January, 2009 . . . ." *See* Pl.'s Resp. Defs.'

Joint Mot. [Doc. 73], ¶ 1.[1]  Thus, there is simply no information before the Court which can shed light on the cause of Ms. Campbell's failure to participate appropriately in this action.

Due to the inability to contact Ms. Campbell, she cannot be forewarned of the possible dismissal of her claims.  The Court recognizes, however, that " such a warning is not a *sine qua non* for dismissal."  *Rogers*, 502 F.3d at 1152; *accord Ecclesiastes*, 497 F.3d at 1149 ("notice is not a prerequisite for dismissal under *Ehrenhaus*").

Finally, as to the efficacy of other sanctions, a dismissal without prejudice will accomplish the disposition of Ms. Campbell's claim for purposes of this action, albeit without the ultimate finality sought by Defendants.[2]  Accordingly, under the circumstances presented, although it is a very close question in this case, the Court finds that a dismissal with prejudice as requested would not be an appropriate sanction.

In summary, the Court finds that Plaintiff Felicia Campbell's claims should be dismissed from this action, but that the dismissal should be without prejudice to refiling her claims at a later time, subject, of course, to the applicable statutes of limitations.

IT IS THEREFORE ORDERED that Defendants' Joint Motion to Dismiss the Claims of Plaintiff Felicia Campbell With Prejudice Pursuant to Fed. R. Civ. P. 41(b) [Doc. No. 72] is

---

[1] The accuracy of this information is unclear.  Ms. Campbell was added as a plaintiff in this case by an amended pleading filed April 2, 2010.  In the motion requesting that Ms. Campbell be excused from attending the settlement conference, counsel stated they had "been unable to reach Felicia Campbell since June, 2010."  *See* Motion for Relief from Settlement Conference Order [Doc. No. 64], ¶ 1.

[2] A motion for summary judgment, which could have been a vehicle to seek a merits determination as to Ms. Campbell's claims, was asserted by each defendant.  Those motions, however, are not at issue and therefore not before the Court for determination.

GRANTED in part and DENIED in part. This action is DISMISSED WITHOUT PREJUDICE as to all claims asserted by Plaintiff Felicia Campbell.[3]

IT SO ORDERED this 25th day of February, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[3] A settlement agreement regarding the claims of the remaining parties has been reached which calls for the entry of a thirty-day administrative closing order. *See* Doc. No. 71. The administrative closing order shall be entered forthwith.